Burket, J.
The facts found by the circuit court show that the State of Ohio acquired the fee simple title to the lands in question by the occupation and use thereof for canal purposes, and that thereafter the former owners of the land had no title to, or interest in said lands. 23 O. L., 50, Sec. 8; State of Ohio ex rel. v. Ry. Co., 53 Ohio St., 189; State of Ohio v. Snook, 53 Ohio St., 521.
The claim is made by counsel for defendant in error, that the.state was not in possesion of these lands by itself or tenant, and that therefore it could not maintain an action to quiet title, and this was the ground upon which the circuit court rendered judgment in favor of the defendant below.
Section 5779 of the Revised Statutes provides that
“An action may be brought by a person in possession, by himself or tenant, of real property, against any person who claims an estate or interest therein, adverse to him, for the purpose of determining such adverse estate or interest.”
If the state was in possession of these lands by itself or tenant when it brought its action to quiet title it had a right to maintain the action, but if it was not in possession of the lands by itself or tenant it could not maintain this form of action.
The facts found show that the state acquired the fee simple title to the lands, and no fact appears *212 which shows that the state ever parted with that title, and it must therefore be assumed that it still retained such title. When the state quit using the lands for canal purposes in the year 1848 the former owners, and those claiming under them, entered upon the lands, claiming to be the owners, and erected buildings thereon and used the lands until 1886, and then made a lease of the lands to one P. P. Maxwell, which lease by its terms ran to July, 1891. This entry upon the lands and claiming to be the owners thereof was without warrant of law, and gave the former owners of the lands no color of title, because as against the state their possession could not ripen into a title.
In the year 1890 the state caused these canal lands to be surveyed and platted, and claimed to be the owner thereof and asserted title thereto, and in August of that year duly executed and delivered a lease of said lands to said. P. P. Maxwell for a term of fifteen years, while he was holding under said lease from the" former owners and as their tenant, and he has remained in possession of said lands ever since, and has paid rent to the state, and. refused to pay rent to the former owners.
Under this state of facts, the question is whether the state was in possession of the lands by its tenant. The state claimed and was the owner of the lands, surveyed and platted the same, asserted title thereto and made a lease thereof and received the rent therefor. These facts clearly constitute possession by tenant.
But it is urged by counsel for defendant in error that as Mr. Maxwell had accepted a lease of these lands from the former owners, and was in possession of the lands under that lease when he accepted the lease from the state, that the doctrine *213 that a tenant cannot dispute the title of his landlord is applicable, and that the possession of Mr. Maxwell continued to be the possession of the former owners, and could not become the possession of the state. The rule that a tenant cannot dispute the title of his landlord is sound, and we have no fault to find with the rule in cases where it is applicable. The rule has application only to litigation between landlord and tenant and those claiming under them. This is not such a case. Here the litigation is not between landlord and tenant, but between two parties, each of whom claims to own the fee simple. The state does not claim under or from Mr. Maxwell, and he is not a party to the suit. In an action by the former owners against Mr. Maxwell for possession, the rule of evidence that the tenant cannot dispute the title of his landlord would obtain, but that rule cannot have the effect to oust an actual possession by a mere theoretical one, in an action to quiet title. In such an action the possession need not be acquired rightfully, so long as' it is actual. The object of the action is to test and quiet the title, and this may be done by any one in actual possession, and the question as to whether the possession is rightful will usually be settled by the judgment as to the title. The right to bring the action is not limited by the statute to one rightfully in possession, but it may be brought by anyone in possession. The matter of the right is involved in the trial of the merits of the case.
It is not a question as to what Mr. Maxwell can or cannot do as to disputing the title of his landlord, whether such landlord be the state or the former owners, but the question is whether the state had the power to put him into actual possession of its lands while he held, as against the state, a wrong *214 ful possession of the same lands under a lease from persons having no color of title. We think the state had such power. In Taylor’s Landlord and Tenant, section 705, the author says: “So an adverse claimant, who gets into possession of land by tampering with the tenant can not resist the landlord’s claim where the tenant himself could not.” This clearly implies that an adverse claimant may get into actual possession by tampering with the tenant, and being thus in actual possession, our statute enables him to test the question as to title, by an action to quiet title.
We therefore hold that under the facts as found by the circuit court, the possession of Mr. Maxwell under his lease from the state, was the possession of the state, and that his. duty to the former owners did not, as between the state and such former owners, disqualify him from becoming the actual tenant of the state, and that his possession under such actual tenancy was and is the possession of the state.
The title to these lands being in the state, the auditor of Warren county had no authority to put the lands upon the duplicate for taxation, and the tax sale and the deed of the auditor were void, and conferred no right upon the purchasers to hold the lands.
The judgment of the circuit court upon the facts found should have been for the state, and its judgment will thereforé be reversed, and judgment rendered by this court for plaintiff in error.

Judgment reversed and judgment for plaintiff in error.